*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-300

JANUARY TERM, 2016

| | |
|---|---|
| Betty Atkins d/b/a Westbury Park | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Erin Witham and Robert Witham | } DOCKET NO. 497-5-13 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Defendants in this mobile-home eviction action appeal from a judgment in favor of plaintiff Betty B. Atkins, the owner of the mobile home park where defendants reside. Defendants contend the trial court erred in: (1) concluding that they committed a substantial violation of the lease terms; (2) rejecting their claim that plaintiff had failed to uniformly enforce the lease terms; and (3) denying their counterclaim for discrimination based on marital status. We affirm.

The facts may be summarized as follows. In 2004, defendant Erin Witham[*] applied to lease a mobile home lot in the Westbury Park mobile home park owned by plaintiff, and simultaneously entered into a purchase and sale agreement to buy the mobile home already on the lot. The application was approved, and she entered into a lease providing, in the first paragraph under a section entitled "Application/Occupancy," that "[m]anagement must approve the application of prospective purchaser of mobile home prior to purchase and entrance," and further providing that approval was "contingent upon" a number of factors, including "completion of an accurate application," "[s]atisfactory character, credit and rental history," and "[n]o past criminal prosecution." The second paragraph of the section provided that "[o]ccupancy of home is restricted to persons listed on the application form," and that "[a]ny changes must be submitted on a 'Service Request/Occupancy Change Form.' "

In June 2005, defendant Erin Witham submitted an Occupancy Change Form seeking permission for her then-boyfriend to move into the home. At some point thereafter, however, her boyfriend left, and in January 2013, defendant Robert Witham submitted an occupancy application, identifying himself as an occupant of the mobile home and listing the mobile home as his current address since July 2011. He listed his occupation as owner of a mobile home repair business. Plaintiff ran a background check of Robert Witham's credit, criminal, and rental history, which revealed a 2005 conviction for contractor fraud in connection with his mobile

---

[*] Erin Witham was known as Erin Davis in 2004, but we will refer to her as Erin Witham, her married name, for purposes of clarity.

home repair business, as well as a credit history showing multiple collection judgments against him, including one as recently as July 2011, and a bankruptcy.

Plaintiff, through counsel, notified defendants that they were in violation of the lease as a result of the "unauthorized occupation of the mobile home lot by Robert Witham," and further indicated that his application had been denied because of his criminal conviction and unsatisfactory credit history. Plaintiff directed defendants to cure the lease violation by having Robert Witham vacate the premises by March 1, 2013, or face an eviction action. He did not vacate, and plaintiff filed this action against defendants in April 2013, alleging a substantial violation of the lease based on Robert Witham's continued occupancy. Defendants filed an answer and counterclaim, alleging that they had become married in December 2012, and that the action violated their constitutional right to marry.

The parties filed cross-motions for summary judgment, which the court addressed in a written decision in May 2015. The court concluded that Robert Witham's occupancy of the home without approval was a substantial violation of the lease; rejected defendants' claim that plaintiff was not applying the lease terms uniformly to all leaseholders; and determined that no evidence supported defendants' discrimination claim. The court denied a subsequent motion for reconsideration. This appeal followed.

We review a summary judgment under the same standard as the trial court, giving the benefit of all doubts and inferences to the nonmoving party, and granting the motion only when there are not genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fireman's Fund Ins. Co. v. CNA Ins. Co., 2004 VT 93, ¶ 8, 177 Vt. 215. "When both parties have moved for summary judgment, we resolve all doubts and inferences in favor of the party opposing the motion being judged." In re Ambassador Ins. Co., 2008 VT 105, ¶ 10, 184 Vt. 408. We construe a lease agreement applying the same interpretive standards applicable to contracts. O'Brien Bros. P'ship, LLP v. Plociennik, 2007 VT 105, ¶ 9, 182 Vt. 409. Whether the language of a contract is ambiguous is a question of law, which we review de novo. Id.

As they argued below, defendants claim on appeal that the trial court erred in finding a violation because the lease does not clearly state whether the criteria for approval of an application of a prospective purchaser in the first paragraph of the section entitled "Application/Occupancy" apply to an application for a change of occupancy under the second paragraph. The trial court concluded that the argument was essentially immaterial, as the lease plainly and unambiguously required that any occupants be "approved by management," which had indisputably not occurred here. The court also determined that the violation was substantial, noting that a determination of who may live in a leased premises is a "crucial aspect[] of any landlord-tenant relationship." See 10 V.S.A. § 6237(a) (providing that "[a] leaseholder may be evicted only for nonpayment of rent or for a substantial violation of the lease terms of the mobile home park"). The trial court's reading of the lease and reasoning in this regard were sound, and defendants have not identified any basis to disturb the conclusion that they committed a substantial violation.

Defendants also contend the trial court erred in rejecting their claim that plaintiff had not uniformly applied the lease terms, as required under 10 V.S.A. § 6237(b) ("A leaseholder shall not be evicted when there is proof that the lease terms . . . are not enforced with respect to the other leaseholders or others on the park premises."). Plaintiff provided evidence that in evaluating requests for occupancy, she has consistently done a credit check, a criminal history

check, and a rental history check.  In response, defendants rely on plaintiff's admission that she approved an application in 2012 by a person who had committed a drug possession offense twenty years earlier, in 1992, and who had filed for bankruptcy in 2008.  The trial court concluded that this tenant and Mr. Witham were not comparable.  It noted evidence that the other tenant's drug conviction was twenty years old, and that since his one-time bankruptcy he had "cleaned up" his credit.  By contrast,  Mr. Witham's consumer fraud conviction was in 2005, he was currently engaging in home improvement work at the mobile home park, and he had multiple collection judgments against him, including one as recently as 2011.  Given these undisputed facts in the record, we agree with the trial court that defendants have failed to produce sufficient evidence to create a genuine issue of material fact as to their claim that plaintiff did not apply the lease terms uniformly to other tenants.

Defendants further contend that the trial court erred in rejecting their claim of discrimination based on marital status.  Apart from the allegation, defendants cite no evidence to support the claim, or to undermine the trial court's finding that defendants had "put forth no evidence at all to support their claim that the eviction is based on their marital status." Accordingly, we find no error.

Finally, defendants assert that the trial court erred in granting summary judgment because plaintiff's motion did not comply with V.R.C.P. 56, making it difficult for defendants to dispute or reply to all of plaintiff's factual allegations.  The trial court here prefaced its decision by noting that neither plaintiff nor defendants had followed the formatting and citation rules of V.R.C.P. 56 with care or precision, but that despite the errors the court had managed to align the disputed and undisputed facts, and determine that summary judgment for plaintiff was appropriate.  Defendants have not shown any error in this regard.  Accordingly, we find no basis to disturb the judgment.

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice


3